# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| STEPHANIE BROWN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFE STREETS USA LLC,<br><br>Defendant. | :<br>: CIVIL ACTION FILE NO.<br>:<br>:<br>:<br>:<br>: **COMPLAINT – CLASS ACTION**<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>: |

Plaintiff Stephanie Brown (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Safe Streets USA LLC ("Safe Streets") to market its services through the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. Ms. Brown also alleges that Safe Streets uses automated systems to make telemarketing calls into Florida as well as to Florida residents that have placed themselves on the National Do Not Call Registry, and that by doing so, Safe Streets has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

4. The recipients of Safe Streets' illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Safe Streets makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## **PARTIES**

5. Plaintiff Stephanie Brown is, and at all times mentioned herein was, an individual citizen of the state of Florida residing in this District.

6. Defendant Safe Streets USA LLC is a Delaware limited liability company with its principal place of business in Gaynor, NC.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Safe Streets because the company placed telemarketing calls into this District and went to the Plaintiff's residence in this District as part of that solicitation.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent into and received in this District.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

10. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

<u>The Florida Telephone Solicitations Act</u>

14. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

15. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

16. It is also a violation to make a call to a Florida number on the National Do Not Call Registry.

17. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

18. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

19. Defendant Safe Streets is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. Safe Streets offers home alarm services for ADT.

21. To increase its sales, and as part of a general cold-call based marketing scheme, Safe Streets markets ADT Services using pre-recorded voice calls to consumers.

22. Plaintiff Brown's telephone number, 727-470-XXXX is assigned to a cellular telephone service.

23. That number has been on the National Do Not Call Registry since June of 2009.

24. The Plaintiff received at least one pre-recorded call from the Defendant on May 14, 2022.

25. The Caller ID for the call was (727) 457-9565.

26. The Caller ID was "spoofed" to make it appear like a local call.

27. The pre-recorded message was non-specific to the recipient and asked the call recipient if they had a security system and invited them to press a number if they did not have one and wanted to learn more.

28. The call was clearly pre-recorded because (a) it was sent with automated technology used to mask Caller IDs (b) it used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played (e) it had the options to press a number in response to the message.

29. After the recorded message was played, the Plaintiff spoke with "Alonso", who indicated that he worked for the Defendant.

30. "Alonso" marketed ADT's security services as part of his employment with Safe Streets.

31. Jose Febres then went to the Plaintiff's house on May 25, 2022 to follow up on the solicitation call.

32. Mr. Febres provided a business card to the Plaintiff.

33. The business card indicated that Mr. Febres worked for Safe Streets and provided his contact information.

34. The call was not necessitated by an emergency.

35. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

37. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) from August 19, 2021 through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

**Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a Florida number on the National Do Not Call Registry (3) since July 1, 2021.

38. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

39. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

40. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

41. This Class Action Complaint seeks injunctive relief and money damages.

42. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

43. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

44. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

45. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

    (b) Whether Defendant called Florida numbers on the National Do Not Call Registry;

    (c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (d) whether Defendant's conduct constitutes a violation of the TCPA and FTSA; and

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

48. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

49. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

50. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

51. Plaintiff incorporates the allegations from paragraphs 1 through 50 as if fully set forth herein.

52. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute

numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

53. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers or numbers for which they were charged per call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

55. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers or numbers for which they are charged per call using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION

**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial
Class**

56. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 50 as if fully set forth herein.

57. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

58. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

59. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

60. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

12

61. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

62. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

63. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

### THIRD CAUSE OF ACTION
**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff and the Florida Telephone Solicitation
Act National Do Not Registry Call Class**

64. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 50 as if fully set forth herein.

65. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendant.

66. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging

13

device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

67. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

68. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

69. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

70. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 28, 2022        PLAINTIFF, on behalf of herself
                            and others similarly situated,

                            */s/ Avi R. Kaufman*
                            Avi R. Kaufman (FL Bar no. 84382)


kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881